# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**STEPHONNE D. EASTER**                                                      **PLAINTIFF**
**ADC #105365**

**V.**                    **NO. 4:21-cv-1158-BRW-ERE**

**B. KERRY**, *et al.*                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections:

This Recommendation for dismissal has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II. Discussion:

Plaintiff Stephonne D. Easter,[1] an inmate at the Pulaski County Regional Detention Facility (Detention Facility), filed this civil right lawsuit *pro se* under 42

---

[1] According to Mr. Easter's complaint, at the time of the incident at issue, he was being held at the Detention Facility both as an inmate (for a parole violation) and as a pretrial detainee

U.S.C. § 1983. *Doc. 2*. In his original complaint, Mr. Easter alleged that Detention Facility officials denied him "exercise" on one occasion. He explained that "[t]here was no disciplinary reason or special protocol for [him] to be held in that cell during a 48 hour or more period with no exercise being allowed to me." *Id. at 4*. Mr. Easter stated that, although he notified Deputy Kerry about this condition, Deputy B. Kerry failed to assist him. Mr. Easter sues Deputy Kerry, Sheriff Eric S. Higgins, and Chief Deputy Charles Hendricks.

Based on the allegations contained in Mr. Easter's complaint, the Court concluded it needed further information to complete the required statutory screening of the complaint. The Court entered an Order giving Mr. Easter an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 3*. The Order directed Mr. Easter to explain: (1) how long he was held in his cell without the opportunity to exercise; (2) whether he was denied the opportunity to exercise both inside and outside; (3) how large his cell was; and (4) whether there was space available in his cell for him to exercise. *Id*.

Mr. Easter has now filed an amended complaint. *Doc. 6*. The Court has reviewed Mr. Easter's amended complaint as required by the Prison Litigation

---

for a new criminal charge. *Doc. 2 at 3*. Accordingly, the Court analyzes his claims under the Eighth Amendment. *Sterling v. Taylor*, No. 5:16-CV-120-JLH-JTK, 2017 WL 1511296, at *3 (E.D. Ark. Feb. 28, 2017).

Reform Act. 28 U.S.C. § 1915A(a).[2] For the following reasons, Mr. Easter's claims should be dismissed.

In his amended complaint, Mr. Easter alleges that he was denied exercise for one 52-hour period. *Doc. 6 at 4*. He explains that his cell does not provide enough room for him to exercise. He also complains that Defendants Higgins and Henricks failed to tell Mr. Easter *why* he was held in his cell for that time period. While the Court is sympathetic to Mr. Easter's concerns, the described conduct fails to state a plausible claim that his constitutional rights were violated.

To move forward with his claim that he was subjected to inhumane conditions-of-confinement, Mr. Easter must allege facts to show that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Mr. Easter must allege both objective and subjective elements. "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

"Lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). However, short term deprivations are generally not sufficient to state a constitutional violation. For example, three hours of out-of-cell exercise per week does not necessarily violate the Eighth Amendment. See *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996). Even a limitation of 45 minutes of exercise per week has been held to not violate the constitution. *Wishon*, 978 F.2d at 449; see also *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (denial of outside recreation for three months held insufficient to establish a constitutional violation).

Under controlling Eighth Circuit case law, Mr. Easter's allegation that he was denied exercise for a single 52-hour period fails to state a plausible claim that his constitutional rights were violated.[3]

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

---

[3] In his amended complaint, Mr. Easter also alleges that Detention Facility officials failed to timely respond to his grievances. Such conduct also does not rise to a constitutional level. The law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under section1983.

1. Mr. Easter's complaint and amended complaint be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2. The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated this 21st day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE